**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

LOGAN M. GRIMES,         )
         )
        Plaintiff,     )
   vs.         )
         )   Case No. 19-cv-06091
COUNTY OF COOK, an Illinois   )
county, d/b/a COOK COUNTY   )   Judge Gary Feinerman
HEALTH & HOSPITALS SYSTEM   )
and/or CERMAK HEALTH SERVICES;  )   Magistrate Judge Jeffrey T. Gilbert
and MELVIN JUDKINS, in his   )
individual capacity;   )
         )
       Defendants.   )

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants COUNTY OF COOK and MELVIN JUDKINS, by their attorney, Kimberly M. Foxx, State's Attorney of County of Cook, through her Assistant State's Attorney Colleen Harvey, pursuant to Rule 12(b)(6), respectfully move this Honorable Court to dismiss Plaintiff's Amended Complaint with prejudice. In support of this motion, Defendants state as follows:

## I.    BACKGROUND

Plaintiff is currently employed by Cook County as a Correctional Medical Technician II and has held this position at the Cook County Jail since February 2013. (Amended Complaint, Count I ¶2) Plaintiff is a transgender person, meaning that his designated sex at birth was female, but that in 2003, he began a transition to male and has been living as a male since 2003. (Id., ¶4) Since 2008, Plaintiff alleges that he has kept his transgender status private and that he did not disclose it when applying for employment, or to coworkers. (Id., ¶5)

At all relevant times, Plaintiff reported directly to Defendant Melvin Judkins. (Id., ¶3) Plaintiff claims that in 2018, he began experiencing harassment from his coworkers, and beginning

1

in May 2018, the harassment was related to his gender identity. (Amended Complaint, Count IV ¶11) Plaintiff further claims that on September 28, 2018, *after* the alleged gender-identity related harassment began, Judkins discussed Plaintiff's transgender status with Plaintiff's coworkers. (Id.) Plaintiff does not allege that Judkins had access to Plaintiff's medical file or otherwise was privy to Plaintiff's confidential personnel file. Essentially, Plaintiff alleges Judkins engaged in inappropriate gossip. Since September 28, 2018, Plaintiff has not returned to work and has chosen instead to be on an unpaid leave of absence. (Id.)

Plaintiff initially filed his lawsuit in the Circuit Court of Cook County. Defendants moved to dismiss the complaint. Rather than responding to the motion to dismiss, Plaintiff agreed to amend his complaint. In addition to state law claims, Plaintiff's Amended Complaint now includes a claim under 42 U.S.C. §1983. Defendants removed the lawsuit to federal court based on this federal claim. Plaintiff's Amended Complaint alleges the following causes of action: (I) 42 U.S.C. §1983 violation of substantive due process against Judkins, and against Cook County for indemnification purposes; (II) invasion of privacy against Judkins; (III) intentional infliction of emotional distress against Judkins; (IV) Illinois Human Rights Act ("IHRA") hostile work environment based on gender-related identity against Cook County; (V) IHRA discrimination based on gender-related identity alleging segregation against Cook County; (VI) IHRA discrimination based on gender-related identity alleging denial of paid leave of absence against Cook County; and (VII) IHRA retaliation for opposing discrimination based on gender-related identity against Cook County.

Defendants move to dismiss with prejudice all claims in the Amended Complaint. Defendants move to dismiss Count I because it is insufficiently pled and Judkins is entitled to qualified immunity. Defendants move to dismiss Counts II and III under the Illinois Tort

2

Immunity Act. Count II also should be dismissed because Plaintiff has failed to plead the elements of public disclosure of a private fact. Count III should also be dismissed because it is pre-empted by Plaintiff's IHRA claims. Count IV should be dismissed because Plaintiff has failed to plead the elements of a hostile work environment under the IHRA. Finally, Counts V, VI and VII should be dismissed because Plaintiff has failed to allege an adverse employment action.

## II. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that do not state an actionable claim. In assessing the motion, the Court must accept the well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997). However, the plaintiff's factual allegations must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (*citing Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1959 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] complaint will not suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008) (citing *Bell Atlantic*, 550 U.S. at 557).

## III. <u>ARGUMENT</u>

**I.    The allegations in Count I do not state a legal claim against Judkins or Cook County.**

**A.  The alleged disclosure does not violate Plaintiff's substantive due process rights.**

Count I alleges that Plaintiff was deprived of substantive due process in violation of §1983. (Amended Complaint, Count I, ¶¶1-16) But Plaintiff has failed to allege a violation of his substantive due process rights. A claim of a violation of substantive due process rights is limited

to violations of fundamental rights. *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010) (citing *Belcher v. Norton*, 497 F.3d 742, 753 (7th Cir. 2007)) (Substantive due process claims are limited to fundamental rights and "employment related rights are not fundamental.") "Substantive due process cases require a 'careful description' of the asserted fundamental liberty interest." *Hughes v. Jones*, 2014 U.S. LEXIS 53181, *42 (N.D.Ill., April 17, 2014), citing *Washington v. Glucksberg*, 521 U.S. 702, 710-21 (1997). Here, Plaintiff vaguely alleges that Judkins' disclosure of Plaintiff's transgender status violated his substantive due process rights. (Amended Complaint, Count I, ¶¶11-12) However, Plaintiff does not even plead that he had a fundamental liberty interest in keeping this information private, an element necessary to a substantive due process claim.

Plaintiff claims only that his transgender status is "confidential medical information," without any assertion that its disclosure would deprive Plaintiff of a fundamental right. (Amended Complaint, ¶5) The Seventh Circuit has recognized that "medical information may be a form of protected confidential information because of its intimate and personal nature." *Denius v. Dunlap*, 209 F.3d 944, 957 (7th Cir. 2000). While this protection applies to medical records and communications, it does not extend to all information that might be disclosed about a person's body. *Best v. Berard*, 2011 U.S. Dist. LEXIS 131572, *9 (N.D. Ill., November 15, 2011) ("Information disclosing one's height and weight is not protected under a constitutional privacy right."). Plaintiff has not alleged that actual medical records were released by Judkins. Nor has Plaintiff adequately established a causal connection between what he alleges is confidential medical information and Judkins' access to it. If the information about his transgender status was actually private, Plaintiff makes no allegation as to how Judkins accessed that information.

**B. The alleged disclosure does not rise to the level of shocking the conscience.**

The Due Process Clause also protects against abuses of power by executive officials, but official misconduct rises to the level of a constitutional violation only if it "shocks the conscience." *Palka*, 623 F.3d at 454. "The threshold for this kind of due-process claim is high; many forms of governmental misconduct are excluded." *Id.*, citing *Tun v. Whitticker,* 398 F.3d 899, 903 (7th Cir. 2005). Here, Plaintiff has failed to allege conduct on behalf of Judkins that "shocks the conscience." Plaintiff pleads only that in the course of a discussion about a job applicant, Judkins shared with Plaintiff's coworkers why Plaintiff was not assigned to a specific division. (Amended Complaint, Count I, ¶11) Plaintiff alleges that through this brief conversation with coworkers, Judkins acted "maliciously and with reckless disregard for Plaintiff's safety and rights." (Id.) However, Plaintiff offers no facts to support his allegations of Judkins' maliciousness. Likewise, other than speculative allegations that the discussion placed Plaintiff's physical safety at risk, Plaintiff has not pled any detrimental impact or damages. Thus, Plaintiff's substantive due process claim also fails under an official misconduct analysis.

**C. Judkins is entitled to qualified immunity.**

Even if Plaintiff had adequately pled a substantive due process claim, which he has not, the claim still must be dismissed under the doctrine of qualified immunity. Individual liability under §1983 requires proof that the individual defendants were acting under the color of state law and that the defendants' conduct violated the plaintiffs' rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lanigan v. Vill. Of E. Hazel Crest, Ill.*, 110 F.3d 467, 471 (7th Cir. 1997); *Farmer v. Brennan*, 511 U.S. 825 (1994). Qualified immunity is an affirmative defense, which may be raised in a motion to dismiss where the court accepts the facts alleged in the complaint as true. *Lanigan,* 110 F.3d at 471. Pursuant to the defense of qualified

immunity, "government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* A right is clearly established when its contours are sufficiently clear so that a reasonable official would realize that what he is doing violates that right. *Shields v. Burge*, 874 F.2d 1201, 1205 (7th Cir. 1989).

While gossiping about a co-worker should be discouraged, an objectively reasonably official in Judkins position would not recognize that discussing or disclosing Plaintiff's transgender status would violate any substantive due process right. While not alleged in Count I, Plaintiff's Amended Complaint references that Plaintiff's coworkers made comments to him regarding his "perceived or actual gender-related identity," before Judkins' alleged disclosure. (Amended Complaint, Count IV, ¶11, Count VI, ¶11). Even if Plaintiff's coworkers were unaware of Plaintiff's transgender status, Judkins reasonably would not recognize that a conversation regarding Plaintiff's assignment and transgender status would deprive Plaintiff of substantive due process. *Hughes*, 2014 U.S. LEXIS 53181, *47 (Individual defendants employed as child abuse investigators were entitled to qualified immunity because they would not understand that a hasty and rushed investigation would deprive Plaintiff of substantive due process).

II.     **Judkins cannot be liable for Plaintiff's tort claims pursuant to the Local Governmental and Governmental Employee Tort Immunity Act.**

Plaintiff's tort claims against Judkins should be dismissed pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Illinois Tort Immunity Act"). The tort liability of municipalities is governed by the Tort Immunity Act. *West v. Kirkham*, et al., 147 Ill. 2d 1, 5 (1992); 745 ILCS 10/1-101 et seq. The Act confers immunity upon local governments and their employees for liability arising out of the operation of government. *Id.* Section 2-210 of the Act provides as follows: "A public employee acting in the scope of his

6

employment is not liable for an injury caused by his negligent misrepresentation or the provision of information, either orally, in writing, by computer or any other electronic transmission, or in a book or other form for library material."  745 ILCS 10/2-210.  While Counts II and III allege that Judkins was not acting in the scope of his employment, the Complaint contains no facts to support this inference.  (Amended Complaint, Count II, ¶12, Count III, ¶12)  In fact, Plaintiff pleads the opposite, that Judkins was acting within the scope of his employment in Count I.  (Amended Complaint, Count I, ¶11)  Because Judkins was simply providing information in the course of his employment, he is entitled to immunity under the Tort Immunity Act.

### III.    Counts II and III are pre-empted by Plaintiff's IHRA claims and should be dismissed.

The Court should dismiss Counts II and III (invasion of privacy and intentional infliction of emotional distress) because they are preempted by Plaintiff's IHRA claims.  If a plaintiff's common law action seeks redress for injuries arising from a "civil rights violation" within the meaning of the IHRA, then the IHRA preempts the common law claim. *Geise v. The Phoenix Company of Chicago, Inc.*, 159 Ill. 2d 507, 516 (1994) The IHRA provides for "a comprehensive scheme of remedies and administrative procedures for redress of civil rights violations." *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, *P25 (1st Dist. 2013); *Veazey v. LaSalle Telecommunications, Inc*., 334 Ill. App. 3d 926, 933 (1st Dist. 2002).  The following limitation provision is contained in the IHRA: "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." See 775 ILCS 5/8-111(D).  Thus, the Illinois Supreme Court has repeatedly held that IHRA provides the exclusive source of redress for alleged civil rights violations, including employment discrimination claims. *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304 (1989); *Mein v. Masonite Corp.*, 109 Ill. 2d 1, 7 (1985).  If a common law action is in essence one

which seeks redress for a "civil rights violation" as defined in the IHRA, the circuit court lacks subject-matter jurisdiction to adjudicate the claim. *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 516 (1997). An absence of subject-matter jurisdiction cannot be waived by the parties, and may be raised at any time. *Geise,* 159 Ill. 2d at 515.

 The Illinois Supreme Court has further held that "whether the circuit court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic* 177 Ill. 2d at 517. In *Geise*, the plaintiff filed a sexual harassment claim against her former employer based on her allegation that her employer hired and retained a manager who had harassed her. She also asserted that the employer was liable for IIED arising from the harassment. The Illinois Supreme Court held that the IIED claim was preempted by the IHRA because it was inextricably linked to her civil rights claim. *Geise*, 159 Ill. 2d at 516.

 Here, Plaintiff's invasion of privacy and IIED claims seek to redress the harm Plaintiff alleges in his hostile work environment, discrimination and retaliation claims under the IHRA. As noted above, under Section 2-102(a) of the IHRA, it is a civil rights violation "[f]or any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection of training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status." *See* 775 ILCS 5/2-102(A). Section 6-101(A) of the Human Rights Act further provides: "[i]t is a civil rights violation for a person, or for two or more persons to conspire, to [r]etaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination…in employment." *See* 775 ILCS 5/6-101(A).

Here, Plaintiff alleges emotional distress based on alleged harassment, discrimination and retaliation due to Plaintiff's gender-related identity, a status protected by the IHRA. *See* 775 ILCS 1-103(O-1). Further, Plaintiff's invasion of privacy claim is incorporated into Plaintiff's claims that he experienced a hostile work environment, discrimination and retaliation, as Plaintiff's IHRA claims are based on Judkins' alleged disclosure. Without being able to allege that Plaintiff's gender-related identity is protected, Plaintiff would not have an independent basis for his invasion of privacy and IIED claims. Thus, Plaintiff's invasion of privacy and IIED claims must be dismissed because they are pre-empted by the IHRA.

**IV.     Plaintiff failed to plead invasion of privacy.**

Even if the court was to determine that Plaintiff's invasion of privacy count is not pre-empted, Plaintiff has failed to properly allege invasion of privacy-public disclosure of private facts. A successful cause of action for invasion of privacy-public disclosure of private facts requires the plaintiff to prove that: (1) publicity was given to the disclosure of private facts; (2) the facts were private and not public facts; (3) the matter made public would be highly offensive to a reasonable person; and (4) the matter published was not of legitimate public concern. *Cordts v. Chicago Tribune Co.*, 369 Ill. App. 3d 601, 607 (1st Dist. 2006); *Johnson v. K Mart Corp.*, 311 Ill.App.3d 573, 579 (1st Dist. 2000).

Here, Plaintiff's invasion of privacy claim fails because Plaintiff admits in his complaint that certain coworkers were aware of his transgender status as early as May 2018, more than four months before Plaintiff alleges that Judkins disclosed his transgender status. (Amended Complaint, Count IV, ¶11, Count VI, ¶11) Therefore, the facts that Plaintiff alleges were disclosed were not private, which is a necessary element of public disclosure of private facts. *Wynne v. Loyola Univ. of Chicago*, 318 Ill. App. 3d 443, 453 (1st. Dist. 2000) (A necessary element of public

disclosure of private facts is that the facts disclosed have to be private, not public).  In *Wynne*, the First District held that the facts at issue lost their private nature when plaintiff disclosed them to a few coworkers.  *Id*.  Here, Plaintiff has alleged that coworkers were aware of his gender identity prior to Judkins' disclosure.  (Amended Complaint, Count IV, ¶11, Count VI, ¶11) Plaintiff has failed to plead an essential element of invasion of privacy, and this claim should be dismissed.

### V.    Count IV should be dismissed pursuant because Plaintiff has not properly pled a hostile work environment.

Plaintiff states that he was subjected to a hostile work environment but does not allege that it was so severe and pervasive to as to alter his working conditions.  The prohibition of sexual harassment found in the Illinois Human Rights Act "closely parallels" Title VII of the Civil Rights Act, and, therefore, examination of federal Title VII law is appropriate. *Trayling v. Board of Fire and Police Commissioners of the Village of Bensenville*, 273 Ill. App. 3d 1, 11(2nd Dist. 1995). Title VII is violated when "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005) (quoting *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993)). For a hostile work environment claim under Title VII, a plaintiff needs to prove that (1) he was subject to unwelcome harassment; (2) the harassment was based on his protected status; (3) the harassment was so severe and pervasive as to alter the conditions of employment; and (4) there is basis for employer liability.   *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833-34 (7th Cir. 2015).

Plaintiff has not pled that the conduct was severe and pervasive to substantially interfere with his work performance or create an offensive working environment.  Plaintiff only vaguely alleges that he witnessed harassment of transgender detainees by correctional officers and medical

staff, without any supporting facts.  (Amended Complaint, Count IV, ¶8)  Plaintiff alleges that his coworkers shunned him and refused to communicate with him, but makes no allegation this is related to any protected status.  (Id., ¶11)  Aside from Plaintiff's allegations regarding Judkins' disclosure, Plaintiff points to only two other incidents over several months in which his coworkers referred  to his transgender status.  (Id.)  In a third incident alleged by Plaintiff involving a nurse whose last name is Bradford, the comments were not directed to Plaintiff.  (Id.)  As pled, Plaintiff's allegations fail to rise to the level of a hostile work environment, as "[r]elatively isolated instances of non-severe misconduct will not support a claim of hostile environment."  *Whittaker v. N. Ill. Univ.,* 424 F.3d 640, 646 (7th Cir. 2005).  Even if the treatment Plaintiff alleges is true, it would not be sufficient to constitute a hostile work environment.  Therefore, Plaintiff's hostile work environment claim should be dismissed.

### VI.    Counts V, VI and VII should be dismissed because Plaintiff has failed to allege an adverse employment action.

In Counts V, VI, and VII, Plaintiff alleges discrimination and retaliation based on his gender-related identity.  In analyzing discrimination claims under the IHRA, Illinois courts have adopted the framework used by the federal courts in addressing discrimination claims under Title VII. *Zaderaka v. Ill. Human Rights Com'n*, 131 Ill. 2d 172, 178 (1989).  To establish a *prima facie* case of employment discrimination, plaintiff must first show that (1) he is a member of a protected class; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the employer treated similarly situated employees outside the class more favorably.  *Owens v. Dep't of Human Rights*, 403 Ill. App. 3d 899, 919 (1st Dist. 2010).  In order to state a *prima facie* case of retaliation under the IHRA, a plaintiff must show that (1) he was engaged in a protective activity; (2) his employer committed a material adverse act against

him; and (3) a causal nexus existed between the protected activity and the adverse act. *Hoffelt v. Ill. Dep't of Human Rights*, 2006 Ill. App. LEXIS 790, *12 (1st Dist. 2006).

Plaintiff's complaint fails to allege an adverse employment action on the basis of Plaintiff's protected status. Plaintiff claims only that Defendants denied him assignments in Division 6 and failed to place him on paid leave after Judkins' alleged disclosure of his transgender status. (Amended Complaint, Count V, ¶¶7-8. Count VI, ¶¶14, 18, Count VII, ¶¶14, 18) To show that he suffered an adverse employment action, Plaintiff must establish that the employment action was "materially adverse and not a mere inconvenience or an alteration of job responsibilities" *Owens,* 403 Ill. App. 3d at 919. A materially adverse employment action is "one that significantly alters the terms and conditions of the employee's job." *Id.* "Adverse employment actions include things such as hiring, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Id.* [N]ot everything that makes an employee unhappy is an actionable adverse action. Otherwise minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee would not like would form the basis of a discrimination suit.'" *Smart v. Ball State Univ,* 89 F.3d 437, 441 (7th Cir. 1996), citing *Williams v. Bristol-Myers Squibb Co.* 85 F.3d 270, slip op. at 6 (7th Cir. 1996).

Plaintiff's pleading here does not even meet the lower standard of an adverse action set for IHRA retaliation claims. Plaintiff's allegations about the denial of assignments and leave do not rise to the level of a materially adverse employment action under a discrimination or retaliation analysis. Plaintiff has not been demoted, disciplined, suspended or terminated. Plaintiff alleges a loss of pay due to the denial of paid leave (Count V and VI, ¶¶14), but this resulted only from Plaintiff's own decision not to report to work. Plaintiff has failed to adequately plead

discrimination and retaliation under the IHRA, and therefore, Counts V, VI and VII should be dismissed.

## IV.    <u>CONCLUSION</u>

WHEREFORE, Defendants move this Honorable Court to dismiss Plaintiff's Complaint with prejudice and grant any such other relief that is equitable and just.

Date: September 18, 2019           Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By:     <u>/s/ Colleen Harvey</u>
Colleen Harvey
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-6665
colleen.harvey@cookcountyil.gov