IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOGAN M. GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| COUNTY OF COOK, an Illinois county, d/b/a COOK COUNTY HEALTH & HOSPITALS SYSTEM and/or CERMAK HEALTH SERVICES; and MELVIN JUDKINS, in his individual capacity; | ) ) ) ) ) ) ) | No. 1:19-cv-06091<br><br>Judge Gary S. Feinerman |
| | ) | |
| Defendants. | ) | Magistrate Judge Jeffrey T. Gilbert |

JOINT STATUS REPORT PURSUANT TO
THIS COURT'S ORDER OF MAY 27, 2020

NOW COMES the Plaintiff, LOGAN M. GRIMES, by and through his attorney, JOANIE RAE WIMMER, and the Defendants, COUNTY OF COOK, an Illinois county, d/b/a COOK COUNTY HEALTH & HOSPITALS SYSTEM and/or CERMAK HEALTH SERVICES, and MELVIN JUDKINS, by and through their attorney, KIMBERLY M. FOXX, Cook County State's Attorney, through her assistant, COLLEEN HARVEY, and submit this joint status report pursuant to this Court's order of May 27, 2020.

This Court's order of May 27, 2020, provided that "the parties shall file a joint status report addressing whether the schedule set forth in the 3/4/2020 order [242] requires any adjustment other than the 77-day extension granted by the various iterations of Amended General Order 20-0012." The parties do

believe that the current schedule requires some adjustments beyond the extension granted by the Coronavirus Covid-19 Public Emergency Orders.

On September 26, 2019, an order was entered which stayed the entry of a discovery schedule in this case until resolution of the motion to dismiss. (Doc. 12)  Accordingly, the parties did not submit a proposed schedule.  On January 16, 2020, this Court entered a schedule (Doc. 24) with deadlines for MIDP disclosures (February 18, 2020), service of written discovery (March 10, 2020), motions to amend pleadings or add new parties (June 17, 2020), completion of fact discovery (August 19, 2020), and filing of dispositive motions (September 23, 2020).  On March 4, 2020, this Court entered an order (Doc. 34) providing that the parties proceed with discovery under the present schedule.  On April 23, 2020, this Court entered a Memorandum Opinion and Order resolving the motion to dismiss by denying it.  (Doc. 43)  (Each of the deadlines in the order of January 16, 2020, has now been extended 77 days pursuant to the Coronavirus Covid-19 Public Emergency Orders.)

Counsel for the parties had a video conference on June 1, 2020.  At that time counsel discussed the oral depositions which they anticipated taking.  Defendant anticipates taking the deposition of Plaintiff, Logan M. Grimes.  The Plaintiff's counsel anticipates taking the depositions of Defendant Melvin Judkins; the three people who were present when Judkins allegedly outed the Plaintiff as transgender (Katie Healey, Kristen Bain, and Arturo Centeno); Feroze Khan, who was Leave Administration Manager for Cook County Health & Hospitals System at the time of the events in the Second Amended

Complaint; and the three people who allegedly harassed the Plaintiff in a manner which suggested that the harassment was based on his transgender status (Shirley McBride, M. Brittman, and the nurse whose last name is Bradford). In addition, it is likely that the Plaintiff's counsel, depending on the Defendants' interrogatory answers and how those depositions go, may wish to take the depositions of two or three more individuals. The Plaintiff anticipates retaining two expert witnesses: one to testify about what it means to be transgender and about what disclosure of the Plaintiff's transgender status disclosed about the Plaintiff's medical history, and another to testify as to the present value of the diminution of the Plaintiff's pension rights with the County of Cook. Counsel for both parties also discussed the fact that oral depositions cannot start until after the date when the written discovery is due to be answered, June 25, 2020. Counsel also discussed concerns about going forward with depositions during the current public health emergency, in light of the fact that depositions generally take place in a small room in which various people are talking over a period of hours. The parties are looking into the possibility of conducting some of the depositions by remote means, although the Plaintiff's counsel has concerns about the effectiveness of cross-examination in a remote setting.

  After considering the foregoing, counsel have agreed upon the following schedule, assuming it will be safe to commence depositions immediately after June 25, 2020 and the current public health emergency does not impede their progress:

Disclosure of Experts: November 4, 2020

Deadline to Complete of Fact Discovery: December 4, 2020

Deadline to Complete Expert Discovery: January 4, 2021

Deadline for Dispositive Motions: February 8, 2021

This proposed schedule would extend the fact discovery closure date one month beyond the 77-day extension granted by the Coronavirus Covid-19 Public Emergency Orders; it would create a new expert discovery closure date; and it would extend the date for filing dispositive motions approximately two months. This is the schedule the parties commend to the Court's consideration, again assuming that it is safe to commence oral depositions after June 25, 2020, in light of the current public health emergency. And the parties would welcome any information which the Court has concerning the safety of proceeding with oral depositions.

                                            Respectfully submitted,

                                        /s/ Joanie Rae Wimmer
                                                Joanie Rae Wimmer

JOANIE RAE WIMMER
Attorney at Law
715 Lake Street, Suite 516
Oak Park, Illinois 60301
(630) 810-0005                                   /s/ Colleen Harvey
jwimmerlaw@sbcglobal.net                   Colleen Harvey
Attorney No. 3125600

COLLEEN HARVEY
Assistant State's Attorney
Office of the Cook County
   State's Attorney
50 West Washington Street,
   Room 500
Chicago, Illinois 60602