IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOGAN M. GRIMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| COUNTY OF COOK, an Illinois | ) | No. 1:19-cv-06091 |
| county, d/b/a COOK COUNTY | ) | |
| HEALTH & HOSPITALS SYSTEM | ) | |
| and/or CERMAK HEALTH SERVICES; | ) | |
| and MELVIN JUDKINS, in his | ) | |
| individual capacity; | ) | Judge Gary S. Feinerman |
| | ) | |
| Defendants. | ) | Magistrate Judge Jeffrey T. Gilbert |

PLAINTIFF'S STATEMENT OF ADDITIONAL
MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1(b)(3)
IN RELATION TO THE MOTION FOR SUMMARY JUDGMENT
FILED ON BEHALF OF DEFENDANT COUNTY OF COOK

NOW COMES the Plaintiff, LOGAN M. GRIMES (hereinafter "Grimes" or "the

Plaintiff"), by and through his attorney, JOANIE RAE WIMMER, and, pursuant to Local Rule

56.1(b)(3), submits this statement of additional material facts in opposition to the motion for

summary judgment filed by Defendant COUNTY OF COOK, d/b/a COOK COUNTY HEALTH

& HOSPITALS SYSTEM and/or CERMAK HEALTH SERVICES (hereinafter "Defendant

County" or "Cook County" or "the County"). In the paragraphs herein, references to the exhibits

filed by Defendant County with its Local Rule 56.1(a)(2) statement of material facts will be to

"Defendant County Exhibit" with the number assigned by said Defendant to the exhibit. So, for

example, a reference to Exhibit 3 of the Local Rule 56.1(a)(2) statement of material facts filed by

Defendant County will be to "Defendant County Exhibit 3." References to the exhibits

- 1 -

submitted by the Plaintiff with Plaintiff Logan Grimes' Response To The Local Rule 56.1(a)(2)

Statement Of Material Facts Filed By Defendant County Of Cook will be to "Grimes Resp.

Exhibit" with the appropriate number.  So, for example, a reference to Exhibit 2 of Plaintiff

Logan Grimes' Response To The Local Rule 56.1(a)(2) Statement Of Material Facts Filed By

Defendant County Of Cook will be to "Grimes Resp. Exhibit 2."  Finally, reference to the

exhibits submitted by the Plaintiff with this statement of additional facts which are attached

hereto will be to "Grimes Add. Exhibit" with the number assigned to the exhibit herein.  In the

case of exhibits which are deposition transcripts, references to page numbers will be to page

numbers of the deposition transcripts, and not to the page numbers assigned by the Court's

CM/ECF system.

    <u>Plaintiff's Paragraph 1</u>:  The Plaintiff was born in 1962 with a vagina, not a penis; he

developed breasts in his teenage years, and, for the first 37 years of his life, lived as a female.

(Affidavit of Logan Grimes, Grimes Add. Exhibit 1, ¶ 3)

    <u>Plaintiff's Paragraph 2</u>:  In 2000 Grimes was diagnosed with gender identity disorder,

which is now referred to as gender dysphoria (Logan M. Grimes deposition transcript, Grimes

Resp. Exhibit 1, p. 123, lines 3-6), and in 2003, he commenced hormone therapy, testosterone, to

treat his gender dysphoria, and Grimes is still taking testosterone today (Grimes Resp. Exhibit 1,

p. 123, lines 13-19; Grimes Add. Exhibit 1, ¶ 4)

    <u>Plaintiff's Paragraph 3</u>:  Grimes also had chest reconstructive surgery in 2004 and what

they call bottom surgery or gender confirmation surgery in 2006 to treat his gender dysphoria.

(Grimes Resp. Exhibit 1, p. 123, line 20-p. 124, line 9; Grimes Add. Exhibit 1, ¶¶ 5, 6)

    <u>Plaintiff's Paragraph 4</u>:  As a result of the hormone therapy, chest reconstructive surgery

and gender confirmation surgery, by the year 2008 and since then Grimes has appeared

unambiguously male, with a male build, male pattern baldness, and a beard or mustache. (Grimes Add. Exhibit 1, ¶ 7)

Plaintiff's Paragraph 5:  In 2003 Logan Grimes changed his name from his birth name to Logan M. Grimes, and by 2004 he had had the sex marker changed from F to M on his driver's license and had had the record of his sex with the Social Security Administration changed from female to male.  (Grimes Add. Exhibit 1, ¶¶ 8, 9)

Plaintiff's Paragraph 6:  Commencing in 2008, Grimes kept his transgender status private, and from then until after September 28, 2018, Grimes did not disclose his transgender status to anyone but family members.  (Grimes Add. Exhibit 1, ¶ 10)

Plaintiff's Paragraph 7:  In September of 2018, Melvin Judkins ("Judkins") supervised the correctional medical technicians who delivered prescribed medications to the detainees in the jail, not more than 14 people referred to as the med team, including Grimes.  (Excerpts of the deposition of Melvin Judkins, Grimes Add. Exhibit 2, p. 15, line 8-p. 16, line 9; p. 22, line 20-p. 23, line 8)

Plaintiff's Paragraph 8:  Commencing in the spring of 2018, and continuing until Grimes stopped reporting to work after September 28, 2018, certain coworkers of Grimes, who prior to the spring of 2018 used to converse with him, began ignoring Grimes when he spoke to them at work; those coworkers included Donna Brown, Dora Tapia and Gerald Logue, coworkers on the med team, as well as nurses who worked in the Urgent Care Area of Cermak.  (Affidavit of Logan M. Grimes, Grimes Add. Exhibit 3, ¶ 3)

Plaintiff's Paragraph 9:  In the late spring or early summer of 2018, Moishi Brittman, a coworker of Grimes' on the med team, called Grimes "girl" on at least three occasions at work. (Grimes Add. Exhibit 3, ¶ 4)

Plaintiff's Paragraph 10:  In the late spring or early summer of 2018, Shirley McBride, a paramedic (Emergency Response Technician) and coworker of Grimes, told him, while laughing, "You really do have a big ass, don't you?" and this incident occurred at work in front of a paramedic named Coffee, another paramedic and a nurse.  (Grimes Add. Exhibit 3, ¶ 5)

Plaintiff's Paragraph 11:  In August of 2018, as Grimes was walking within the Cook County jail compound, a nurse whose last name is Bradford told Grimes, referring to an unidentified individual who appeared to be female, "You see that.  That's a man.  People ought to tell who they really are.  That's how people get killed."  (Grimes Add. Exhibit 3, ¶ 6)

Plaintiff's Paragraph 12:  Grimes believed that this harassment was due to his gender-related identity.  (Logan M. Grimes deposition transcript, Grimes Resp. Exhibit 1, p. 148, line 6-p. 150, line 9)

Plaintiff's Paragraph 13:  The incidents of harassment at work described in Plaintiff's Paragraphs 8-11 were highly offensive to Grimes; they made him feel extremely uncomfortable when he had to walk around the Cook County jail compound, and they interfered, to an extent, with his work because, after the harassment started, Grimes no longer felt safe using the bathroom in the mens locker room and he used the single occupancy bathrooms exclusively even when the bathroom in the mens locker room would have been more convenient.  (Grimes Add. Exhibit 3, ¶¶ 3, 4, 5, 6, 16, 17)

Plaintiff's Paragraph 14:  Katie Healy was a correctional medical technician (Excerpts of the deposition of Katie Healy, Grimes Add. Exhibit 4, p. 10, line 17-p. 11, line 11) who worked on the med team and was supervised by Judkins.  (Grimes Add. Exhibit 4, p. 12, lines 8-17)

Plaintiff's Paragraph 15:  On September 28, 2018, Healy, Judkins, paramedic Bain, and paramedic Centeno were in the back office of the med team, talking about a new guy who was

supposed to start as well as a paramedic named Gierke, and Judkins asked if the others thought Gierke was gay.  (Grimes Add. Exhibit 4, p. 16, line 4-p. 20, line 11)

Plaintiff's Paragraph 16:  After discussing whether Gierke was gay, Judkins said, "[O]h, you know—like Logan," and Judkins said, "Yeah, come on—you know—Logan.  I worked with him for a long time and he's—you know—he's transgender."  (Grimes Add. Exhibit 4, p. 20, line 12-p. 21, line 12)

Plaintiff's Paragraph 17:  At that point in time, protective custody for transgenders was predominantly in Division 6 of the jail.  (Grimes Add. Exhibit 4, p. 29, lines 1-7)

Plaintiff's Paragraph 18:  Arturo Centeno, who began working on the med team under Judkins' supervision in September of 2018 (Excerpts of the deposition of Arturo Centeno, Grimes Add. Exhibit 5, p. 10, line 21-p. 11, line 16), testified at his deposition that the conversation on September 28, 2018, was a matter that he once knew about but could no longer recall well enough to testify about fully and accurately (Grimes Add. Exhibit 5, p. 35, lines 3-8).

Plaintiff's Paragraph 19:  Centeno testified, however, that Centeno Deposition Exhibit No. 1 (Grimes Add. Exhibit 6) was an email Centeno sent to Mr. Tillar on October 16, 2018. (Grimes Add. Exhibit 5, p. 20, lines 3-13)

Plaintiff's Paragraph 20:  Centeno testified that he wrote the email when the matter was fresh in his memory, and that the email accurately reflects his knowledge at the time (Grimes Add. Exhibit 5, p. 35, lines 9-15), and that John Tillar (the union representative) "just told us to write what had happened in the room at the time, whatever we remembered and to write an email and send it to him so there would be a paper trail." (Grimes Add. Exhibit 5, p. 36, lines 5-16)

Plaintiff's Paragraph 21:  Centeno's email to John Tillar stated as follows:

"On September 28 2018, I was sitting in one of the med-tech rooms with

Paramedic Bain and Paramedic Healy inputting meds that we had delivered throughout the day when Supervisor Melvin walked into the room and started talking to us. The conversation came up about a possible new hire for the team which Paramedic Healy and i knew from the EMS world and we began to tell mel about his work ethics, then the conversation switched over to a current employer who was Paramedic Gireke who i don't know only in passing about his sexuality stating that if he was gay. I answered i wasn't sured but people assume that he is and Paramedic Bain stated he was a ricky rescue. Mel stated he reminded him of a mountain man which I'm unsure of what that means, then Supervisor Mel switched over to a coworker of our Paramedic Logan stating that he had and issue in division six ' Ive known logan for many years and he has never told but' thats when Healy had given Mel a strong look but he began to proceed ' I'm sure they know and he looked at me but i sat there with no response because I've only known logan for a month since I'm new to the department, then he drew his attention to Paramedic Bain stating, ' Well I'm sure Bain knows, rite bain you know' Healy then responded to mel ' i don't think they know mel. He then asked the same question and healy responded to the response again. Mel then stated ' Logan is a transgender thats why he cant go to division six' I then began to make myself look busy because i no longer wanted to be part of the conversation because of what was said. Paramedic Bain then stated that she had no idea as well as myself. Shortly after Mel left the room"

(Centeno Deposition Exhibit No. 1, Grimes Add. Exhibit 6)

<u>Plaintiff's Paragraph 22</u>: Kirsten Bain-Norris testified that Division 6 had detainees in

protective custody and that many of them were transgender, and that during the conversation of September 28, 2018, Judkins said that Grimes cannot go to Division 6 because Grimes was identified as transgender by a detainee there.  Excerpts of the deposition of Bain-Norris, Grimes Add. Exhibit 9, p. 35, line 7-p. 36, line 14)

Plaintiff's Paragraph 23:  On or about October 16, 2018, Grimes sent an email to the Director of the Equal Employment Opportunity Office at the Cook County Health & Hospitals System, Nicholas Krasucki.  (Grimes Add. Exhibit 3, ¶¶ 7, 8)

Plaintiff's Paragraph 24:  In said email, Grimes wrote to Krasucki, among other things, the following:

"For the past few months, I've felt a shift in my interactions with some my colleagues. People who use to engage me in conversation no longer converse with me.  Several colleagues have called me 'girl' but immediately apologized.  Co-workers making comments about my body parts as well as people questioning my gender and co-workers engaging me in conversations on how transgender people should always tell people the truth because 'that's how they get hurt'. On Oct 1st, my suspicions were confirmed when several of my colleagues informed me that my direct supervisor Melvin Judkins had disclosed my gender history to them September 28, 2018."

(Grimes Add. Exhibit 3, ¶ 8)

Plaintiff's Paragraph 25:  The Equal Employment Opportunity Discrimination & Harassment Policy of the Cook County Health & Hospitals System prohibits discriminatory harassment and defines discriminatory harassment in part, as follows: "Epithets, slurs, negative stereotyping, offensive, intimidating or hostile acts, which are

communicated by any means . . . and which relate to . . . sexual orientation (which includes gender related identity) . . .”  (Defendant County Exhibit 11, p. Cook County 0255)

Plaintiff's Paragraph 26:  The Equal Employment Opportunity Discrimination & Harassment Policy of the Cook County Health & Hospitals System provides, “The CCHHS Equal Employment Opportunity Division will conduct a prompt investigation of any report of an incident alleging discrimination, sexual harassment or discriminatory harassment. (Defendant County Exhibit 11, p. Cook County 0256)

Plaintiff's Paragaph 27:  At Grimes' first meeting with Krasucki about Grimes' October 16, 2018 email to Krasucki, Grimes discussed with Krasucki the ongoing situation with coworkers ignoring him when he spoke with them at work; the fact that his coworker on the Med Team, Moishi Brittman had called him “girl” at least three times at work; the incident involving Shirley McBride when, at work, she told Grimes, while laughing, “You really do have a big ass, don't you”; and the incident involving nurse Bradford when she said to Grimes within the Cook County jail compound, referring to an unidentified individual who appeared to be female, “You see that.  That's a man.  People ought to tell how they really are.  That's how people get killed.”  (Grimes Add. Exhibit 3, ¶¶ 3, 4, 5, 6, 11)

Plaintiff's Paragraph 28:  At Grimes' first meeting with Krasucki about Grimes' October 16, 2018 email to Krasucki, Grimes provided to Krasucki the names of all of the people involved in the incidents mentioned in Plaintiff's Paragraph 27.  (Grimes Add. Exhibit 3, ¶¶ 12, 13)

Plaintiff's Paragraph 29:  Nicholas Krasucki, who had been the Equal

Employment Opportunity Director for Cook County Health since 2015 (Excerpts of Krasucki deposition, Grimes Add. Exhibit 7, p. 10, lines 13-20), testified that shunning a coworker because of the coworker's gender related identity can be a form of discriminatory harassment (Grimes Add. Exhibit 7, p. 40, line 11-p. 41, line 10), as could coworkers making comments about a transgender employee's body parts (Grimes Add. Exhibit 7, p. 42, line 11-15).

Plaintiff's Paragraph 30:  Krasucki testified that he did not conduct an investigation into any other employees other than Melvin Judkins, that he (Krasucki) did not conduct an investigation into Grimes' allegation that coworkers were no longer conversing with him, into Grimes' statements in his email about colleagues calling him "girl," into coworkers making comments about Grimes' body parts, or about nurse Bradford's statement about how transgender people should always tell the truth because that is how they get hurt.  (Grimes Add. Exhibit 7, p. 43, line 9-p. 47, line 8)

Plaintiff's Paragraph 31:  When Krasucki was asked why he did not investigate Grimes' statement in the email that coworkers were making comments about his body parts, Krasucki replied, "I can't." (Grimes Add. Exhibit 7, p. 53, lines 9-p. 54, line 2)

Plaintiff's Paragraph 32:  When Krasucki was asked why he did not investigate Grimes' statements in his email about how people who used to engage him in conversation were no longer conversing with him, Krasucki replied, "I can't answer that question."  (Grimes Add. Exhibit 7, p. 54, lines 8-12)

Plaintiff's Paragraph 33:  When Krasucki was asked why he did not investigate Grimes' statements in his email that several colleagues had called him girl, Krasucki testified, "I can't answer that question."  (Grimes Add. Exhibit 7, p. 54, lines 4-7)

Plaintiff's Paragraph 34:  Immediately prior to the first meeting Grimes had with Krasucki in October of 2018 about Grimes' email to Krasucki, when Grimes was waiting in the hallway in front of the women's bathroom with Shanee Madison, the EEO investigator assigned to Grimes' EEO complaint, Grimes told Shanee Madison that he needed to use the restroom and asked her where the restroom was, and Madison appeared shocked and asked Grimes with an incredulous tone of voice, as if she could not believe it, "You want to use the mens bathroom?" Grimes responded, "Yes," and then Madison directed him to the mens bathroom.  (Grimes Add. Exhibit 3, ¶¶ 10, 14)

Plaintiff's Paragraph 35:  At a subsequent meeting with Timothy Hoppa, a lawyer for the Cook County Health & Hospitals System, relating to Grimes' grievance about Melvin Judkins, Grimes told Hoppa in detail about his encounter with Shanee Madison described in Plaintiff's Paragraph 34.

Plaintiff's Paragraph 36:  Grimes had a meeting with Feroze Khan in early November of 2018 at which the subject of paid leave came up.  (Grimes Resp. Exhibit 1, p. 298, line 14-p. 299, line 5)

Plaintiff's Paragraph 37:  At that meeting Feroze Khan told Grimes that when nurses had been placed in an unsafe situation, that that was the discretion, they had been given paid leave of absence, that it had never been done for a transgender person before, and that it would be unprecedented for the county to give him (Grimes) paid leave because of an unsafe situation at work because he was transgender.  (Grimes Resp. Exhibit 1, p. 351, line 22-p. 353, line 20)

Plaintiff's Paragraph 38:  Barbara Pryor testified that she denied Grimes' request for a paid leave of absence, and that, prior to and in connection with making that decision, she consulted with EEO Director Nicholas Krasucki, who shared information with her about Grimes'

case.  (Excerpts of Barbara Pryor deposition, Grimes Add. Exhibit 8, p. 48, line 7-p. 49, line 3)

Plaintiff's Paragraph 39:  Judkins testified that the Cook County jail is not a safe place for transgender people if they are not in the protective tier.  (Grimes Add. Exhibit 2, p. 112, line 21-p. 113, line 3)

Plaintiff's Paragraph 40:  On a number of occasions, Judkins teased the men on the med team when they would go to the tier with transgender detainees, by saying "you know you like that, that's your kind of woman," those types of comments.  (Grimes Resp. Exhibit 1, p. 165, line 18-p. 166, line 19; p. 157, lines 12-22; p. 178, line 15-p. 179, line 13)

Respectfully submitted,


_____/s/ Joanie Rae Wimmer_____
Joanie Rae Wimmer


JOANIE RAE WIMMER
Attorney at Law
715 Lake Street, Suite 516
Oak Park, Illinois  60301
(630) 810-0005
jwimmerlaw@sbcglobal.net
Attorney No. 3125600